UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE R. BARANY,<br><br>                    Plaintiff,<br><br>     v.<br><br>JANET C. VAN HAELST, Acting Director of Industry Operations, Seattle Division, Bureau of Alcohol, Tobacco, Firearms & Explosives, et al.,<br><br>                    Defendants. | NO:  CV-09-253-RMP<br><br>ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the court on cross-motions for summary judgment by Plaintiff Bruce Barany and Defendant the United States of America on behalf of its agency the Department of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives, and its employees (hereinafter the "United States" or "ATF") (Ct. Recs. 16 and 29).  Mr. Barany's complaint seeks judicial review of the ATF's denial of his application for a license to deal in firearms (Ct. Rec. 1).  In Ct. Rec. 16, Mr. Barany seeks summary judgment in his favor and an order requiring the

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 1

United States to withdraw its denial of his application and issue him a federal firearms dealer's license. The United States seeks summary judgment in its favor and an order dismissing Mr. Barany's complaint (Ct. Rec. 29).

## BACKGROUND

The following facts are undisputed and are based on documents in the certified administrative record (cited as "AR"), which was filed on February 11, 2010, and contains all of the evidence referenced by either party in this matter. *See* (Ct. Rec. 15) (Certificate of Service for filing of administrative record under seal); (Ct. Rec. 43) (Docket entry for administrative record).

Bruce Barany is president and one of two corporate officers of The General Store, Inc. ("The General Store"), a retail business in Spokane, Washington, that sells sporting goods, along with a wide variety of general merchandise.

*License Revocation*

At some point prior to 2004, The General Store secured a federal firearms dealers license to sell firearms and ammunition. The General Store's license was revoked in administrative proceedings beginning in 2004 because it was found to have violated two provisions of the Gun Control Act of 1968, codified at 18 U.S.C. §§ 921-930 ("Gun Control Act").[1]

---

[1] The District Court for the Eastern District of Washington (Judge Van Sickle) upheld the revocation in 2007, *The General Store, Inc. v. Van Loan*, No. 06-103,

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 2

First, federal firearms licensees must adhere to specific record keeping requirements under the Gun Control Act, including maintaining "such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe." 28 U.S.C. § 923(g)(1). The regulations, in turn, require licensed firearms dealers to "enter into a record each receipt and disposition of firearms." 27 C.F.R. § 478.125(c). The regulations prescribe a particular form for recording the receipt and disposition of firearms called a "Firearms Acquisition and Disposition Record" that has ten different fields of information to be completed. 27 C.F.R. § 478.125(c).

Second, licensed firearms dealers may not transact business in a way that violates state law. 18 U.S.C. § 922(b)(2). The Attorney General "may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any

---

2007 WL 208425 (E.D. Wa. Jan. 24, 2007) (unpublished disposition). The Ninth Circuit affirmed the District Court in 2009, *The General Store, Inc. v. Van Loan*, 551 F.3d 1093, 1098 (9th Cir. 2008), amended and superseded by 560 F.3d 920 (9th Cir. 2009).

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 3

rule or regulation prescribed by the Attorney General under this chapter . . ." 28 U.S.C. § 923(e).

ATF inspectors found violations of one or both of the provisions detailed above after inspections of The General Store in 2000, 2001, and 2003. Following the January 2003 inspection, as detailed in the Ninth Circuit's opinion:

> Richard Van Loan ("Van Loan"), Director of Industry Operations for the Seattle Field Division of the ATF, issued a Notice of Revocation of The General Store's federal firearms license on August 6, 2004. The General Store received an administrative hearing in early 2005. Van Loan issued the Final Notice of Revocation of Firearms License, with his findings and conclusions, on February 16, 2006. Van Loan based the final revocation on the following five violations:
>
> (1) Willful violation of 27 C.F.R. § 478.125 for failure to adequately maintain an Acquisition and Disposition Record for firearms acquired for repair.
>
> (2) Willful violation of 18 U.S.C. § 923(g)(1) and 27 C.F.R. § 478.125 for failure to fully record the "source" of acquired firearms.
>
> (3) Willful violation of 18 U.S.C. § 923(g)(1) and 27 C.F.R. § 478.125 for failure to log eighty missing or stolen firearms in its Acquisition and Disposition Record.
>
> (4) Willful violation of 18 U.S.C. § 923(g)(1) and 27 C.F.R. § 478.125 for failure to log seventeen firearms that were lost or stolen, then ultimately recovered and resold.
>
> (5) Willful violation of 18 U.S.C. § 922(b)(2) for failure to comply with state law, specifically Revised Code of Washington § 9.41.090, which requires the dealer to send a copy of all handgun applications to the chief of police or sheriff of the purchaser's place of residence.

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 4

The General Store filed a timely petition for "de novo judicial review" in district court as provided by 18 U.S.C. § 923(f)(3). The General Store requested that Van Loan stay the revocation pending judicial review pursuant to 18 U.S.C. § 923(f)(2) and 27 C.F.R. § 478.78; Van Loan denied the request. On cross-motions for summary judgment, the district court upheld the first and fifth violations, and the revocation of The General Store's license.

*General Store*, 560 F.3d at 922-23.  *Inspections During the Litigation Period*

While The General Store's challenge to the revocation was pending in district court, The General Store was allowed to continue selling firearms from its inventory.  (AR 410) (citing *The General Store, Inc. v. Van Loan*, 2006 WL 1455645 (E.D. WA, May 19, 2006) (order granting preliminary injunction in part)).  However, the Court explicitly required The General Store "to comply with all applicable laws, ordinances, and regulations" while the litigation was pending.  *Id*.  Pursuant to the court order, the ATF conducted additional inspections of The General Store's firearms department during that time (AR 410-11).  ATF uncovered four separate types of alleged violations of the Gun Control Act and related regulations during those inspections.

First, in a June 4, 2006, inspection, an inspector found that The General Store had transferred two rifles and one shotgun to a California resident (AR 411).

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 5

The ATF determined that this sale constituted a violation of 18 U.S.C. § 922(b)(3)[2] because California law requires a 10-day waiting period and does not provide for a sale of firearms to California residents in other states (AR 411).

Second, in a July 19, 2006, inspection, the agency found two open dispositions in the Acquisitions and Dispositions record for which there were not corresponding firearms in the store's physical inventory (AR 411). As the administrative hearing officer found:

> The firearms included a Winchester, model 1300, 12 gauge shotgun, and a Taurus, model 24/7, .45 caliber pistol. *See* [Gov. Ex. 27]. On July 20, 2006, ATF received a fax from store employee, Nick Fjellstrom, which included an ATF form 4473 showing that the Taurus .45 caliber pistol had been sold on February 17, 2006. (Gov. Exs. 27, 29). As to the Winchester 12 gauge shotgun, an employee of The General Store informed ATF that the firearm was transferred, but that a different firearm had mistakenly been logged out of the [Acquisitions and Dispositions] record. (Gov. Exs. 27, 28). The General Store subsequently provided ATF with a copy of the ATF Form 4473 showing the transfer of the shotgun.

(AR 411) (Finding 8b of the hearing examiner's findings and conclusions).

Third, the July 19, inspection also revealed an over-the-counter transaction carried out by Mr. Barany himself in which The General Store transferred a

---

[2] 18 U.S.C. § 922(b)(3) requires a sale of a firearm to a resident of a state other than the state in which the licensee's place of business is located to comply with both states' legal conditions of sale.

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 6

firearm to a purchaser who indicated on ATF Form 4473 that he was a Washington State resident but listed only a Hawaii residence address on the form and provided a Hawaii driver's license as identification (AR 118-19). ATF found this action to violate 18 U.S.C. 923(g)(1)(A), 27 CFR 478.125, and 27 CFR 478.124(c)(1) because although the purchaser claims that he told Mr. Barany that he is a part-time resident of Washington, Mr. Barany did not advise him to disclose a Washington residence on ATF Form 4473 (AR 119).

Fourth, when ATF investigators arrived at The General Store to conduct an inspection on November 21, 2006, and asked to see the Acquisitions and Dispositions records, employee Mr. Fjellstrom informed them that the book of records was locked in a cabinet to which he did not have a key (AR 131). ATF found that these circumstances constituted a failure to make records available for examination, as required of licensees by 18 U.S.C. § 923(g) and 27 CFR § 478.121(b) (AR 412).

*License Denial*

According to the Administrative Record filed with the Court, after the revocation of The General Store's federal firearms dealers license, Mr. Barany submitted an application to the ATF for a new license on approximately June 10 or 12, 2008 (AR 135, 414). Mr. Barany listed his own name as the "Name of Owner or Corporation" and listed "General Store" as the "Trade or Business Name, *if*

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 7

*any*" on the application form (AR 132). Mr. Barany provided the address of The General Store in the section of the form requesting "Business Address" (AR 132). The application form also asked whether the "Applicant or any Person [previously identified as an Individual Owner, Partner, and Other Responsible Person[] in the Business]" had previously "Held a Federal Firearms License," "Been an Officer in a Corporation Holding a Federal Firearms License," "Been an Employee of a Federal Firearms Licensee," or "Had a Federal Firearms License Revoked" (AR 134). Mr. Barany marked "Yes" as his response for all of those questions (AR 134). Mr. Barany paid for the licensing fee by a check written from an account in the name of "The General Store LLC," an entity of which the State of Washington has no record (AR 165).

ATF denied Mr. Barany's application in an initial Notice of Denial on November 21, 2008, on the basis that Mr. Barany was responsible for the willful violations that supported revocation of The General Store's license (AR 2-7). Following an administrative hearing, ATF issued on June 30, 2008, a Final Notice of Denial of Mr. Barany's application along with findings of fact and conclusions of law from the administrative hearing (AR 407-18).

### S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 8

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex*, 477 U.S. at 327.

Summary judgment is inappropriate where sufficient evidence supports the claimed factual dispute or where different ultimate inferences may reasonably be drawn from the undisputed facts. *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence supporting summary judgment must be admissible. Fed. R. Civ. P. 56(e). Furthermore, the court will not presume missing facts, and non-specific facts in

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 9

affidavits are not sufficient to support or undermine a claim.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## *ANALYSIS*

Mr. Barany challenges the ATF's denial of his license application pursuant to 18 U.S.C. § 923(f).  The district court exercises *de novo* review.  18 U.S.C. §923(f)(3).  The district court is not required to give deference to the agency's findings or conclusions, but may accord them as much weight as the court believes they deserve in light of the administrative record and the additional evidence submitted.  *See Cucchiara v. Secretary of Treasury,* 652 F.2d 28, 30, note 1 (9th Cir. 1981); *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 466-67 (7th Cir. 1980).

The pertinent question before this Court is whether the ATF, to whom the Attorney General delegated its authority to revoke or deny firearms licenses, was "authorized" to deny Mr. Barany's application.  28 U.S.C. § 923(f)(3) (stating scope of judicial review); 28 C.F.R. § 0.130(a)(1) (Attorney General's delegation of authority to the ATF); *see also Morgan v. U.S. Dept. of Justice, ATF*, 473 F.Supp.2d 756, 762 (E.D. Mich.2007) (noting that §923(f) confines the district court's inquiry to the narrow question of whether the Attorney General's decision was "authorized").

The parties raised no disputed issues of material fact and neither party submitted additional evidence to the district court.  Rather, they dispute whether, as

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 10

a matter of law, the agency was authorized to deny Mr. Barany's application on the basis of the willful violations that supported revoking The General Store's firearms license more than five years after those willful violations took place.

*Attribution of Previous Willful Violations by The General Store to Mr. Barany*

At the heart of Mr. Barany's appeal is his assertion that the ATF was not authorized to base its denial of his federal firearms license application on the willful violations that supported revocation of The General Store's federal firearms license because the company is a separate entity from Mr. Barany. The United States responds that the ATF was authorized under 18 U.S.C. § 923(d)(1)(C) of the Gun Control Act to deny Mr. Barany's license based both on Mr. Barany's own misconduct and the willful noncompliance of The General Store, Mr. Barany's former firearms business, that is attributable to Mr. Barany personally.

The Gun Control Act authorizes the Attorney General to deny an application if the applicant has "willfully violated" any provision of the Gun Control Act. 18 U.S.C. § 923(d)(1)(C). Specifically, the Act provides in 18 U.S.C. § 923(d)(1):

> Any application submitted under subsection (a) or (b) of this section shall be approved if—
>
> (A) the applicant is twenty-one years of age or over;
>
> (B) the applicant (including, in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership, or association) is not prohibited from

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 11

transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under section 922(g) and (n) of this chapter;

(C) the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder;

(D) the applicant has not willfully failed to disclose any material information required, or has not made any false statement as to any material fact, in connection with his application;

. . .

Willfulness is established "when a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them." *Perri v. Department of Treasury; Bureau of Alcohol, Tobacco and Firearms*, 637 F.2d 1332, 1336 (9th Cir. 1981). In the Ninth Circuit's opinion on The General Store's appeal, the court explained that "indifference" means "plain indifference," which is indistinguishable from recklessness. *The General Store*, 560 F.3d at 923. "Mere mistake or negligence" is insufficient to establish a willful violation. *The General Store*, 560 F.3d at 923. This interpretation of the term "willfully" in the statute is in line with the interpretation of other circuits. *See, e.g., Prino v. Simon*, 606 F.2d 449, 450 (4th Cir.1979) ("'Willful' means action taken knowledgeably by one subject to the statutory provisions in disregard of the action's legality").

Since there is rarely direct evidence of willfulness, the government often shows willfulness by showing that a licensee repeatedly violated regulations despite knowledge of them and repeated warnings. However, a showing of

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 12

repeated violations is not required if the government otherwise can show willfulness. *See American Arms Intern. v. Herbert*, 563 F.3d 78, 87 (4th Cir. 2009) ("Plain indifference can be found even where nine times out of ten a licensee acts in accordance with the regulations, if he was plainly indifferent to the one-in-ten violation").

Despite the sophisticated and creative arguments forwarded by Mr. Barany's counsel as to why, legally, Mr. Barany and The General Store should be considered separate entities, this Court need look no further than Mr. Barany's own representations on his firearms license application in 2008 to determine that The General Store's willful violations of the Gun Control Act should be attributed to Mr. Barany personally, under the plain language of the Gun Control Act (AR 134).

In his application, Mr. Barany represented that he, the applicant, had: (1) previously held a federal firearms license; (2) been an officer in a corporation holding a federal firearms license; and (3) had a federal firearms license revoked (AR 134). To be eligible for a federal firearms license under the Gun Control Act, 18 U.S.C. § 923(d)(1), "the applicant" must not have "willfully violated any of the provisions of this chapter or regulations issued thereunder." By his own statement in the application, Mr. Barany directly associated himself with the previous license-holder, whose license was revoked for willfully violating provisions of the Gun Control Act and related regulations. Therefore, under 18 U.S.C. § 923(d)(1),

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 13

Mr. Barany was ineligible for approval for a new federal firearms license and the ATF was authorized in denying his application.

Furthermore, ample information in the administrative record before the Court supports that Mr. Barany's new firearms business would have been tightly unified with The General Store and substantially indistinguishable from the firearms business for which the license had been revoked effective 2006. At the time of his application in 2008, Mr. Barany was the corporate officer and responsible person directly involved with the day-to-day operations of The General Store's retail firearms business (AR 3, 160). Mr. Barany represented during his firearms application inspection interview that he would operate his new business on The General Store's premises, purchase firearms from the same suppliers that The General Store used under the previous license, advertise his new firearms business within The General Store's monthly circular ad, and share employees with The General Store, including employees who were associated with firearms sales under the previously revoked license (AR 160-65). In addition, Mr. Barany paid his federal firearms license application fee with a check written from the

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 14

account of "The General Store, LLC" rather than from a personal bank account (AR 167).[3]

The many continuities from The General Store to Mr. Barany's proposed successor firearms retail business, also identified as "General Store" on his application, support the conclusion that The General Store's actions, including willful violations of the Gun Control Act, are attributable to Mr. Barany. Therefore, ATF was authorized in denying Mr. Barany's application. *Casanova Guns, Inc. v. Connally*, 454 F.2d 1320, 1321-23 (affirming denial of a federal firearms license renewal application because the business operations of the applicant were "substantially same as the operations of its related predecessor" and were run by the same responsible persons as the related predecessor, which was ineligible for renewal of its own federal firearms license).

*Applicability of Statute of Limitations*

Plaintiff contends that the ATF could not have properly relied on pre-2003 willful violations of the Gun Control Act in denying Mr. Barany's application because of a five year statute of limitations contained in 28 U.S.C. § 2462 (Time for commencing proceedings).

---

[3] The ATF determined that the State of Washington has no record of an entity known as "The General Store, LLC."

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 15

That statute provides in full:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462.

However, Mr. Barany provides no authority that persuades the Court that the limitations statute applies in this matter. The plain language of the statute states that it applies only to actions, suits, or proceedings "for the enforcement of any civil fine, penalty, or forfeiture" and only to actions instituted by the United States. 28 U.S.C. § 2462; *see also Erie Basin Metal Products, Inc. v. U.S.*, 132 Ct. Cl. 67, 150 F. Supp. 561, 566 (1957) ("The limitation of section 2462 applies only to actions instituted by the Government). The United States did not commence proceedings in this matter. Mr. Barany commenced the proceedings by applying for a license, requesting a hearing to review the ATF's notice of denial of the application, pursuant to 18 U.S.C. §923(f)(2), and seeking judicial review of the agency's decision, pursuant to 18 U.S.C. §923(f)(3).

Case law supports that the term "enforcement" includes "assessment" of fines and penalties, *Federal Election Com'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996), but there is no indication that it is so broad as to encompass the Attorney General's denial of a license to sell firearms. Rather, revocation of a

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 16

license is generally a remedial measure rather than a penalty because it is intended to achieve safety-related civil and remedial goals. *Rivera v. Pugh*, 194 F.3d 1064, 1068 (9th Cir. 1999) (addressing whether a statute regarding driver's license revocation was a civil remedy rather than a criminal penalty for purposes of double jeopardy). There is no logical basis for characterizing the denial of a license application as punitive rather than remedial.

The case relied on by Mr. Barany for his assertion that 28 U.S.C. § 2462 applies to federal firearms actions, *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492 (7th Cir. 2006), does not reach the question of whether that statute of limitations applies to denials of federal firearms licenses. Rather, the *Article II Gun Shop* decision, which concerned a revocation, avoids analyzing or deciding the issue on the basis of the applicability of the statute of limitations and instead determines that consideration of ATF inspections reports from 21 and 5 years before the revocation was permissible "as evidence that [the licensee] knew of its obligations to correctly complete Forms 4473 for the guns it sold" and not as the source of the violations supporting revocation. 441 F.3d at 496. Notably, the government in the *Article II Gun Shop* case did not dispute the applicability of the statute of limitations. 441 F.3d at 496.

Moreover, as in *Article II Gun Shop*, the ATF was authorized to deny Mr. Barany's application based on post-2003 violations of the Gun Control Act,

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 17

including his own recordkeeping violation and other violations as outlined in the factual background above. These post-2003 violations may properly be characterized as "willful" in light of the context in which they occurred, namely that the sales were allowed only pursuant to a court order directing The General Store to comply with all applicable laws, ordinances and allowing ATF to conduct inspections every two weeks (AR 109-12).

The Court finds that 28 U.S.C. § 2462 does not bar the ATF's denial of Mr. Barany's application.

*Conclusion*

Although the Court acknowledges the hardship on Mr. Barany's business imposed by the denial of a federal license to sell firearms, the Court finds that the ATF was authorized under the relevant provisions of the Gun Control Act, 18 U.S.C. § 923, to deny Mr. Barany's federal firearms license application.

Therefore, **IT IS SO ORDERED:**

1. The Plaintiff's Motion for Summary Judgment (**Ct. Rec. 16**) is **DENIED**;

2. The Defendant's Motion for Summary judgment (**Ct. Rec. 29**) is **GRANTED**;

3. All pending motions, if any, are **DENIED AS MOOT**.

4. All pending deadlines and hearing dates, if any, are hereby **STRICKEN**.

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 18

The District Court Executive is directed to enter this Order, enter judgment against Plaintiff and in favor of Defendant, forward copies to counsel, and close the file.

**DATED** this 6th day of December, 2010.

                                        *s/ Rosanna Malouf Peterson*
                                      ROSANNA MALOUF PETERSON
                                        United States District Court Judge

ORDER ADDRESSING MOTIONS FOR SUMMARY JUDGMENT ~ 19